**A**



# IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| | |
|---|---|
| Judge or Division:<br>DAVID L DOWD | Case Number: 1022-CC10527 |
| Plaintiff/Petitioner:<br>LAURA PURICELL | Plaintiff's/Petitioner's Attorney/Address<br>ERIC D HOLLAND<br>300 NORTH TUCKER STE 801<br>SAINT LOUIS, MO 63101 |
| vs. | |
| Defendant/Respondent:<br>GENETECH INC | Court Address:<br>CIVIL COURTS BUILDING |
| Nature of Suit:<br>CC Wrongful Death | 10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  GENETECH INC
Alias:

RAGT CORPORATION SERVICE
COMPANY 221 BOLIVAR ST
JEFFERSON CITY, MO 65101

COLE COUNTY



COURT SEAL OF

CITY OF ST LOUIS

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

August 18, 2010
Date

Mariano Favazza
Circuit Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____            _____
Printed Name of Sheriff or Server                     Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

(Seal)

Subscribed and sworn to before me on _____ (date).

My commission expires: _____            _____
                                              Date                                            Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( ____ miles @ $ ._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>DAVID L DOWD | Case Number: 1022-CC10527 |
|---|---|
| Plaintiff/Petitioner:<br>LAURA PURICELL<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>ERIC D HOLLAND<br>300 NORTH TUCKER STE 801<br>SAINT LOUIS, MO 63101 |
| Defendant/Respondent:<br>GENETECH INC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 |
| Nature of Suit:<br>CC Wrongful Death | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to: **DOROTHY GUCCIONE**
Alias:

3638 HEMPSTEAD STREET
SAINT CHARLES, MO 63301

**ST.CHARLES COUNTY**

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**August 18, 2010**
Date

Mariano Favazza
Circuit Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ Printed Name of Sheriff or Server

_____ Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____
Date

_____
Notary Public

### Sheriff's Fees, if applicable

| Summons | $_____ |
|---|---|
| Non Est | $_____ |
| Mileage | $_____ ( ____ miles @ $ ._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



## IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>DAVID L DOWD | Case Number: 1022-CC10527 |
|---|---|
| Plaintiff/Petitioner:<br>LAURA PURICELL | Plaintiff's/Petitioner's Attorney/Address:<br>ERIC D HOLLAND<br>300 NORTH TUCKER STE 801<br>SAINT LOUIS, MO 63101 |
| vs. | |
| Defendant/Respondent:<br>GENETECH INC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 |
| Nature of Suit:<br>CC Wrongful Death | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  BIOGEN IDEC INC
                           Alias:

RAGT CORPORATION SERVICE
COMPANY 84 STATE ST
BOSTON, MA 02109                                              **SUFFOLK COUNTY**

*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

**August 18, 2010**
Date                                          CIRCUIT CLERK
Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years.
   ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   ☐ other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server            Signature of Sheriff or Server

**Subscribed and Sworn** To me before this _____ (day) _____ (month) _____ (year)
I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
                    ☐ the judge of the court of which affiant is an officer.
                    ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                       (use for out-of-state officer)
                    ☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*
                                              _____
                                              Signature and Title

| Service Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____ miles @ $ _____ per mile) |
| **Total** | $_____ | |

See the following page for directions to clerk and to officer making return on service of summons.

## Directions to Clerk

Personal service outside the State of Missouri is permitted only upon certain conditions set forth in Rule 54.  The clerk should insert in the summons the names of only the Defendant/Respondent or Defendants/Respondents who are to be personally served by the officer to whom the summons is delivered.  The summons should be signed by the clerk or deputy clerk under the seal of the court and a copy of the summons and a copy of the petition for each Defendant/Respondent should be mailed along with the original summons to the officer who is to make service.  The copy of the summons may be a carbon or other copy and should be signed and sealed in the same manner as the original but it is unnecessary to certify that the copy is a true copy.  The copy of the motion may be a carbon or other copy and should be securely attached to the copy of the summons but need not be certified a true copy.  If the Plaintiff's/Petitioner has no attorney, the Plaintiff's/Petitioner's address and telephone number should be stated in the appropriate square on the summons.  This form is not for use in attachment actions.  (See Rule 54.06, 54.07 and 54.14)

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States.  If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.



# IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>DAVID L DOWD | Case Number: 1022-CC10527 |
|---|---|
| Plaintiff/Petitioner:<br>LAURA PURICELL<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>ERIC D HOLLAND<br>300 NORTH TUCKER STE 801<br>SAINT LOUIS, MO 63101 |
| Defendant/Respondent:<br>GENETECH INC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO  63101 |
| Nature of Suit:<br>CC Wrongful Death | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  GENETECH INC
Alias:

RAGT CORPORATION SERVICE
COMPANY 221 BOLIVAR ST
JEFFERSON CITY, MO 65101

{ COLE COUNTY }



*COURT SEAL OF*

*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

August 18, 2010
Date

Mariano Favazza
Circuit Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                                Date                                  Notary Public

Sheriff's Fees, if applicable
Summons     $_____
Non Est       $_____
Mileage       $_____  ( _____ miles @ $ _____ per mile)
Total          $_____

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS,
STATE OF MISSOURI

LAURA PURICELLI, ROBERT MERRICK,        )
and LISA CLOUSE,                        )
                                        )
                Plaintiffs,             )        Cause No.: 1022-CC10527
                                        )
vs.                                     )        Division: _____
                                        )
GENENTECH, INC.,                        )
Serve:  Registered agent                )
        Corporation Service Co.         )
        221 Bolivar St.                 )        JURY TRIAL DEMANDED
        Jefferson City, MO 65101        )
        and                             )        CLERK TO ISSUE SUMMONS
                                        )
BIOGEN IDEC, INC.,                      )
Serve:  Registered agent                )
        Corporation Service Company     )
        84 State St.                    )
        Boston, MA 02109                )
        and                             )
                                        )
DOROTHY GUCCIONE                        )
Serve at:  3638 Hempstead Street        )
        St. Charles, MO 63301           )
                                        )
                                        )
                Defendants.             )

## PETITION

### COUNT I
### WRONGFUL DEATH- STRICT LIABILITY

COMES NOW, Laura Puricelli, Robert Merrick, and Lisa Clouse, children of Mary

Merrick, deceased, by and through their attorneys, Holland, Groves, Schneller & Stolze, L.L.C.,

and for their cause of action for the wrongful death of Mary Merrick against Defendants,

Genentech, Inc., Biogen Idec Inc., and Dorothy Guccione states as follows:

1

1.      Plaintiff Laura Puricelli is a resident of the State of Missouri and is the daughter of the decedent, Mary Merrick.

2.      Plaintiff Robert Merrick is a resident of the State of Missouri and is the son of the decedent, Mary Merrick.

3.      Plaintiff Lisa Clouse is a resident of the State of Missouri and is the daughter of the decedent, Mary Merrick.

4.      Plaintiffs are proper parties to bring this action pursuant to 537.080 R.S.Mo.

5.      Defendant Genentech, Inc. (Genentech) is a Delaware corporation with its principal place of business in South San Francisco, California.  Genentech is a biotechnology company engaged in the development, manufacturing, commercialization, and marketing of various pharmaceutical products, including Rituximab a/k/a Rituxan.

6.      At all relevant times herein, Genentech has conducted business activities, including the marketing and sale of Rituxan in the City of St. Louis, State of Missouri.

7.      Defendant Biogen Idec, Inc. (Biogen) is a Delaware corporation with its principal place of business in Cambridge, Massachusetts.  Biogen is a biotechnology company engaged in the development, manufacturing, commercialization, and marketing of various pharmaceutical products, including Rituximab a/k/a Rituxan.

8.      At all relevant times herein, Defendant Biogen has conducted business activities, including the marketing and sale of Rituxan in the City of St. Louis, State of Missouri.

9.      Defendant Dorothy Guccione is and at all times relevant herein was the Senior Oncology Clinical Coordinator at Genentech whose job duties included the use, marketing, administration and sales of various pharmaceuticals including Rituxan.

2

10.     Defendant Dorothy Guccione is a resident of the City of St. Charles, State of Missouri and at all times relevant herein was an employee or agent of Genentech acting in the course and scope of her employment/agency with Genentech.

11.     Decedent was first injured in the City of St. Louis, State of Missouri.

12.     Defendants Genentech and Biogen jointly developed Rituxan.

13.     Defendant Genentech licenses Rituxan from Defendant Biogen.

14.     At all relevant times herein, Defendant Genentech had a sales and marketing staff dedicated to sales and promotion of Rituxan.

15.     At all relevant times herein, Defendant Biogen had a sales and marketing staff dedicated to sales and promotion of Rituxan.

16.     Defendants Genentech and Biogen market and sell Rituxan in collaboration with one another and have ratified the acts of each other described in this petition and formulated, manufactured, distributed and sold Rituxan.

17.     Rituxin should not be used except in adult patients with moderate to severely active rheumatoid arthritis (RA) who have inadequately responded to one or more prior tumor necrosis factor (TNF) antagonist therapies.

18.     Rituxan was first administered to Decedent in or about February, 2009 in the City of St. Louis.

19.     Decedent Mary Merrick had never received a prior TNF antagonist therapy course at the time Rituxan was prescribed.  Therefore, the prescription was "off-label" as it had not been approved for such usage.

20.     Defendants marketed Rituxan as safe and effective for the treatment of various diseases including those for which its use would be "off-label".

3

21.     Defendants knew or should have known that the use of Rituxan presented risk of extremely serious injury or death. Patients who had received Rituxan suffered from profound immunosuppression that led to serious and untreatable illnesses such as community viral infections or progressive multifocal leukoencephalopathy (PML).

22.     That due to the failure of defendants to adequately warn of the risks of the use of Rituxan Decedent did not know of the risks she was exposed to that ultimately led to her death.

23.     On October 21, 2009, Mary Merrick died as a result of PML.

24.     Defendants Biogen Idec, Inc. and Genentech, Inc. are engaged in the business of manufacturing, marketing, and selling pharmaceutical drugs for distribution and human use throughout the United States, and in particular to this action, St. Louis, Missouri.

25.     Decedent, Mary Merrick, was given a warning pamphlet with a prescription of Rituxan, manufactured and/or marketed and/or sold by Defendants, which failed to adequately warn of the increased risk of the potentially fatal side effects such as PML which may occur when Rituxan is administered.

26.     Because of this failure to warn, the Rituxan taken by Decedent was defective and unreasonably dangerous when it left the custody and control of Defendants.

27.     The deceased, Mary Merrick, used Defendants' Rituxan in a fashion that was reasonably anticipated by Defendants.

28.     As a direct and proximate result of Defendants placing a defective product into the stream of commerce, the deceased, Mary Merrick, was caused to suffer terrible pain and suffering of the mind and body as a result of acquiring PML and was forced to undergo painful testing and diagnostic treatments, and ultimately died from PML. In addition, plaintiffs suffered loss of the care, comfort and consortium of their mother.

4

29.    If defendants had provided an adequate warning it would have changed decedent's and/or or her doctor's use of Rituxan.

30.    That Rituxan as developed, manufactured, sold, marketed and administered was in a defective and unreasonably dangerous condition given the likelihood of severe injury or death from its use.

WHEREFORE, Plaintiffs, children of the deceased, Mary Merrick, pray for judgment against Defendants Genentech, Inc., Biogen Idec, Inc. and Dorothy Guccione, jointly and severally, and for a sum that is fair and reasonable under the circumstances which sum exceeds Twenty-Five Thousand Dollars ($25,000.00), together with their costs herein.

## COUNT II
## WRONGFUL DEATH - NEGLIGENCE

COMES NOW, Laura Puricelli, Robert Merrick, and Lisa Clouse, children of Mary Merrick, deceased, by and through their attorneys, Holland, Groves, Schneller & Stolze, L.L.C., and for their cause of action for the wrongful death of Mary Merrick against Defendants, Genentech, Inc., Biogen Idec Inc., and Dorothy Guccione states as follows:

1.    Plaintiff Laura Puricelli is a resident of the State of Missouri and is the daughter of the decedent, Mary Merrick.

2.    Plaintiff Robert Merrick is a resident of the State of Missouri and is the son of the decedent, Mary Merrick.

3.    Plaintiff Lisa Clouse is a resident of the State of Missouri and is the daughter of the decedent, Mary Merrick.

4.    Plaintiffs are proper parties to bring this action pursuant to 537.080 R.S.Mo.

5.    Defendant Genentech, Inc. (Genentech) is a Delaware corporation with its principal place of business in South San Francisco, California. Genentech is a biotechnology

5

company engaged in the development, manufacturing, commercialization, and marketing of various pharmaceutical products, including Rituximab a/k/a Rituxan.

6.     At all relevant times herein, Genentech has conducted business activities, including the marketing and sale of Rituxan in the City of St. Louis, State of Missouri.

7.     Defendant Biogen Idec, Inc. (Biogen) is a Delaware corporation with its principal place of business in Cambridge, Massachusetts.  Biogen is a biotechnology company engaged in the development, manufacturing, commercialization, and marketing of various pharmaceutical products, including Rituximab a/k/a Rituxan.

8.     At all relevant times herein, Defendant Biogen has conducted business activities, including the marketing and sale of Rituxan in the City of St. Louis, State of Missouri.

9.     Defendant Dorothy Guccione is and at all times relevant herein was the Senior Oncology Clinical Coordinator at Genentech whose job duties included the use, marketing, administration, and sales of various pharmaceuticals including Rituxan.

10.     Defendant Dorothy Guccione is a resident of the City of St. Charles, State of Missouri and at all times relevant herein was an employee or agent of Genentech acting in the course and scope of her employment/agency with Genentech.

11.     Decedent was first injured in the City of St. Louis, State of Missouri.

12.     Defendants Genentech and Biogen jointly developed Rituxan.

13.     Defendant Genentech licenses Rituxan from Defendant Biogen.

14.     At all relevant times herein, Defendant Genentech had a sales and marketing staff dedicated to sales and promotion of Rituxan.

15.     At all relevant times herein, Defendant Biogen had a sales and marketing staff dedicated to sales and promotion of Rituxan.

6

16.     Defendants Genentech and Biogen market and sell Rituxan in collaboration with one another and have ratified the acts of each other described in this petition and formulated, manufactured, distributed and sold Rituxan.

17.     Rituxin should not be used except in adult patients with moderate to severely active rheumatoid arthritis (RA) who have inadequately responded to one or more prior tumor necrosis factor (TNF) antagonist therapies.

18.     Rituxan was first administered to Decedent in or about February, 2009 in the City of St. Louis.

19.     Decedent Mary Merrick had never received a prior TNF antagonist therapy course at the time Rituxan was prescribed.  Therefore, the prescription was "off-label" as it had not been approved for such usage.

20.     Defendants marketed Rituxan as safe and effective for the treatment of various diseases including those for which its use would be "off-label".

21.     Defendants knew or should have known that the use of Rituxan presented risk of extremely serious injury or death.  Patients who had received Rituxan suffered from profound immunosuppression that led to serious and untreatable illnesses such as community viral infections or progressive multifocal leukoencephalopathy (PML).

22.     That due to the failure of defendants to adequately warn of the risks of the use of Rituxan Decedent did not know of the risks she was exposed to that ultimately led to her death.

23.     On October 21, 2009, Mary Merrick died as a result of PML.

24.     Defendants Biogen Idec, Inc. and Genentech, Inc. are engaged in the business of manufacturing, marketing, and selling pharmaceutical drugs for distribution and human use throughout the United States, and in particular to this action, St. Louis, Missouri.

7

25.     Decedent, Mary Merrick, was given a warning pamphlet with a prescription of Rituxan, manufactured and/or marketed and/or sold by Defendants, which failed to adequately warn of the increased risk of the potentially fatal side effects such as PML which may occur when Rituxan is administered.

26.     Because of this failure to warn, the Rituxan taken by Decedent was unreasonably dangerous when it left the custody and control of Defendants.

27.     The deceased, Mary Merrick, used Defendants' Rituxan in a fashion that was reasonably anticipated by Defendants.

28.     Defendants knew or should have known that the deceased, Mary Merrick, would not realize the increased dangers posed by Rituxan.

29.     Defendants knew or should have known of the dangerous condition of the product caused by its defective warning.

30.     As a direct and proximate result of Defendants negligent placement of an unsafe product into the stream of commerce, the deceased, Mary Merrick, was caused to suffer terrible pain and suffering of the mind and body as a result of acquiring PML and was forced to undergo painful testing and diagnostic treatments, and ultimately died from PML. In addition, plaintiffs suffered loss of the care, comfort and consortium of their mother.

31.     If defendants had provided an adequate warning it would have changed decedent's and/or her doctor's use of Rituxan.

32.     Rituxan was not reasonably safe as formulated, marketed, distributed, administered and used by defendants.

WHEREFORE, Plaintiffs, children of the deceased, Mary Merrick, pray for judgment against Defendants Genentech, Inc., Biogen Idec, Inc. and Dorothy Guccione, joint and

severally, and for a sum that is fair and reasonable under the circumstances which sum exceeds Twenty-Five Thousand Dollars ($25,000.00), together with their costs herein.

COUNT III
WRONGFUL DEATH & NEGLIGENT MISREPRESENTATION

COMES NOW, Laura Puricelli, Robert Merrick, and Lisa Clouse, children of Mary Merrick, deceased, by and through their attorneys, Holland, Groves, Schneller & Stolze, L.L.C., and for their cause of action for the wrongful death of Mary Merrick against Defendants, Genentech, Inc., Biogen Idec Inc., and Dorothy Guccione states as follows:

1.    Plaintiff Laura Puricelli is a resident of the State of Missouri and is the daughter of the decedent, Mary Merrick.

2.    Plaintiff Robert Merrick is a resident of the State of Missouri and is the son of the decedent, Mary Merrick.

3.    Plaintiff Lisa Clouse is a resident of the State of Missouri and is the daughter of the decedent, Mary Merrick.

4.    Plaintiffs are proper parties to bring this action pursuant to 537.080 R.S.Mo.

5.    Defendant Genentech, Inc. (Genentech) is a Delaware corporation with its principal place of business in South San Francisco, California. Genentech is a biotechnology company engaged in the development, manufacturing, commercialization, and marketing of various pharmaceutical products, including Rituximab a/k/a Rituxan.

6.    At all relevant times herein, Genentech has conducted business activities, including the marketing and sale of Rituxan in the City of St. Louis, State of Missouri.

7.    Defendant Biogen Idec, Inc. (Biogen) is a Delaware corporation with its principal place of business in Cambridge, Massachusetts. Biogen is a biotechnology company engaged in

9

the development, manufacturing, commercialization, and marketing of various pharmaceutical products, including Rituximab a/k/a Rituxan.

8.      At all relevant times herein, Defendant Biogen has conducted business activities, including the marketing and sale of Rituxan in the City of St. Louis, State of Missouri.

9.      Defendant Dorothy Guccione is and at all times relevant herein was the Senior Oncology Clinical Coordinator at Genentech whose job duties included the use, marketing, administration and sales of various pharmaceuticals including Rituxan.

10.      Defendant Dorothy Guccione is a resident of the City of St. Charles, State of Missouri and at all times relevant herein was an employee or agent of Genentech acting in the course and scope of her employment/agency with Genentech.

11.      Decedent was first injured in the City of St. Louis, State of Missouri.

12.      Defendants Genentech and Biogen jointly developed Rituxan.

13.      Defendant Genentech licenses Rituxan from Defendant Biogen.

14.      At all relevant times herein, Defendant Genentech had a sales and marketing staff dedicated to sales and promotion of Rituxan.

15.      At all relevant times herein, Defendant Biogen had a sales and marketing staff dedicated to sales and promotion of Rituxan.

16.      Defendants Genentech and Biogen market and sell Rituxan in collaboration with one another and have ratified the acts of each other described in this petition and formulated, manufactured, distributed and sold Rituxan.

17.      Rituxin should not be used except in adult patients with moderate to severely active rheumatoid arthritis (RA) who have inadequately responded to one or more prior tumor necrosis factor (TNF) antagonist therapies.

10

18.    Rituxan was first administered to Decedent in or about February, 2009 in the City of St. Louis.

19.    Decedent Mary Merrick had never received a prior TNF antagonist therapy course at the time Rituxan was prescribed.  Therefore, the prescription was "off-label" as it had not been approved for such usage.

20.    Defendants marketed Rituxan as safe and effective for the treatment of various diseases including those for which its use would be "off-label".

21.    Defendants knew or should have known that the use of Rituxan presented risk of extremely serious injury or death.  Patients who had received Rituxan suffered from profound immunosuppression that led to serious and untreatable illnesses such as community viral infections or progressive multifocal leukoencephalopathy (PML).

22.    That due to the failure of defendants to adequately warn of the risks of the use of Rituxan Decedent did not know of the risks she was exposed to that ultimately led to her death.

23.    On October 21, 2009, Mary Merrick died as a result of PML.

24.    Defendants Biogen Idec, Inc. and Genentech, Inc. are engaged in the business of manufacturing, marketing, and selling pharmaceutical drugs for distribution and human use throughout the United States, and in particular to this action, St. Louis, Missouri.

25.    Decedent, Mary Merrick, was given a warning pamphlet with a prescription of Rituxan, manufactured and/or marketed and/or sold by Defendants, which failed to adequately warn of the increased risk of the potentially fatal side effects such as PML which may occur when Rituxan is administered.

11

26.     Defendants intended that decedent, Mary Merrick, would rely on the information in the warning pamphlet in weighing the risks associated with Rituxan and deciding whether to take the drug.

27.     The representations that Defendants made in their warning pamphlet were material to the decedent, Mary Merrick's, decision to take Rituxan.

28.     Before and at the time decedent, Mary Merrick, was prescribed Rituxan Defendants knew or should have known of the risk that Rituxan could trigger PML and would therefore be dangerous and contraindicated.

29.     Defendants failed to exercise reasonable care in preparing the warning pamphlet.

30.     Because Defendants knew or should have known of the risk that Rituxan could trigger PML and thus was not proper for use in persons who had not had an inadequate response to a prior TNF antagonist therapy and defendants failed to include such material information in the warning pamphlet, the representations made therein about the risks associated with Rituxan were false.

31.     Decedent, Mary Merrick, relied on the representations that Defendants made in the warning pamphlet in her decision to take Rituxan and such reliance was reasonable under the circumstances.

32.     Because of this failure to warn, the Rituxan taken by Decedent was defective and unreasonably dangerous when it left the custody and control of Defendants.

33.     The deceased, Mary Merrick, used Defendants' Rituxan in a fashion that was reasonably anticipated by Defendants.

34.     Defendants knew or should have known that the deceased, Mary Merrick, would not realize the increased dangers posed by Rituxan.

12

35. Defendants knew or should have known of the dangerous condition of the product caused by its defective warning.

36. As a direct and proximate result of Defendants negligent placement of an unsafe product into the stream of commerce, the deceased, Mary Merrick, was caused to suffer terrible pain and suffering of the mind and body as a result of acquiring PML and was forced to undergo painful testing and diagnostic treatments, and ultimately died from PML.

37. If defendants had provided an adequate warning it would have changed decedent's and/or her doctor's use of Rituxan

WHEREFORE, Plaintiffs, children of the deceased, Mary Merrick, pray for judgment against Defendants Genentech, Inc., Biogen Idec, Inc. and Dorothy Guccione, joint and severally, and for a sum that is fair and reasonable under the circumstances which sum exceeds Twenty-Five Thousand Dollars ($25,000.00), together with their costs herein.

## COUNT IV
## PUNITIVE DAMAGES

COMES NOW, Laura Puricelli, Robert Merrick, and Lisa Clouse, children of Mary Merrick, deceased, by and through their attorneys, Holland, Groves, Schneller & Stolze, L.L.C., and for their cause of action for the wrongful death of Mary Merrick against Defendants, Genentech, Inc., Biogen Idec Inc., and Dorothy Guccione states as follows:

1. Plaintiffs incorporate by reference counts I, II and III as if set forth fully herein.

2. Plaintiffs further allege that the actions of Defendants were willful, wanton and done with a conscious disregard for the safety of the decedent, Mary Merrick, and those like her and therefore constitute aggravating factors supporting the entry of punitive damages against Defendants.

13

WHEREFORE, Plaintiffs, children of the deceased, Mary Merrick, pray for judgment against Defendants Genentech, Inc., Biogen Idec, Inc. and Dorothy Guccione, joint and severally, in a sum that will punish them for their conduct and deter them and others like them from similar conduct in a sum that is fair and reasonable under the circumstances which sum exceeds Twenty-Five Thousand Dollars ($25,000.00), together with their costs herein.

ERIC D. HOLLAND - #39935
STEVEN L. GROVES - #40837
Holland, Groves, Schneller & Stolze, LLC.
300 N. Tucker Blvd., Suite 801
St. Louis, MO 63101
(314)241-8111
(314)241-5554 facsimile

**Attorneys for Plaintiffs**

14