UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LAURA PURICELLI, ROBERT MERRICK, and LISA CLOUSE, <br><br>　　　Plaintiff(s), <br><br>　vs. <br><br>GENENTECH, INC., BIOGEN IDEC, INC., and DOROTHY GUCCIONE, <br><br>　　　Defendant(s). | ) ) ) ) ) ) ) Case No. 4:10CV1793 JCH ) ) ) ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Remand, filed October 25, 2010. (Doc. No. 16). The motion is fully briefed and ready for disposition.

## **BACKGROUND**

On or about August 13, 2010, Plaintiffs Laura Puricelli, Robert Merrick, and Lisa Clouse ("Plaintiffs"), as survivors of decedent Mary Merrick ("Merrick"), filed a wrongful death action against Defendants Genentech, Inc. ("Genentech"), Biogen Idec, Inc. ("Biogen"), and Dorothy Guccione ("Guccione"), in the Circuit Court of the City of St. Louis, Missouri. (Plaintiffs' Petition (hereinafter "Complaint" or "Compl."), attached to Defendant's Notice of Removal). In their Complaint, Plaintiffs allege strict liability, negligence, and negligent misrepresentation against all Defendants, for injuries allegedly arising out of Merrick's use of Rituxan, a medicine co-developed by Defendants Genentech and Biogen. (Compl., Counts I, II, III). Plaintiffs further seek punitive damages, alleging Defendants' actions were willful, wanton, and done with a conscious disregard for the safety of Merrick and others like her. (Id., Count IV).

Defendant Genentech removed the action to this Court on September 24, 2010, despite the lack of complete diversity on the face of the Complaint.[1] In its Notice of Removal, Defendant Genentech asserts that diversity jurisdiction exists pursuant to 28 U.S.C. §1332(a), as the only non-diverse Defendant, Guccione, was fraudulently joined as a Defendant to this action. (Defendant's Notice of Removal, ¶¶ 7-10). As stated above, on October 25, 2010, Plaintiffs filed their Motion for Remand, requesting that the Court remand this case to state court. (Doc. No. 16).

## DISCUSSION

"It is well settled that on a Motion to Remand, the burden of establishing federal subject matter jurisdiction lies with the removing party." Rolwing v. NRM Corp., 2005 WL 1828813 at *2 (E.D. Mo. Aug. 2, 2005), citing In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1991). "Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand." Manning v. Wal-Mart Stores East, Inc., 304 F.Supp.2d 1146, 1148 (E.D. Mo. 2004) (citation omitted).

Pursuant to 28 U.S.C. § 1332(a)(1), "[f]ederal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs."[2] Manning, 304 F.Supp.2d at 1148. At present, this action lacks the requisite diversity, as both Plaintiffs and Defendant Guccione are residents of Missouri. As stated above, however, Defendant Genentech maintains diversity jurisdiction nevertheless exists in this

---

[1] The citizenship of the parties is as follows: Plaintiffs and Defendant Guccione are all citizens of the state of Missouri; Defendant Genentech is a Delaware corporation, with its principal place of business in California; and Defendant Biogen is a Delaware corporation, with its principal place of business in Massachusetts. (Compl., ¶¶ 1-3, 5, 7, 10).

[2] In the instant case, there is no dispute that the amount in controversy exceeds $75,000.

matter because Defendant Guccione, the only non-diverse Defendant, was fraudulently joined. (Defendant's Notice of Removal, ¶¶ 7-10).

"When a court is assessing whether diversity jurisdiction exists over a particular case, it may ignore the citizenship of parties fraudulently joined." Moss v. Defender Services, Inc., 2009 WL 90136 at *2 (E.D.Mo. Jan. 14, 2009), citing Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983); 28 U.S.C. § 1441(b). Under Eighth Circuit law, "[j]oinder is fraudulent and removal is proper if there is 'no reasonable basis in fact and law supporting a claim against the resident defendants.'" Ratermann v. Cellco Partnership, 2009 WL 1139232 at *5 (E.D.Mo. Apr. 28, 2009), quoting Wilkinson v. Shackelford, 478 F.3d 957, 964 (8th Cir. 2007). The burden of proof on the issue of fraudulent joinder rests with the removing party. Moeller v. Ford Motor Co., 2008 WL 161905 at *5 (E.D. Mo. Jan. 15, 2008), citing Parnas v. General Motors Corp., 879 F.Supp. 91, 92 (E.D. Mo. 1995).

In their Complaint, Plaintiffs essentially allege that as Senior Oncology Clinical Coordinator at Genentech Defendant Guccione marketed Rituxan as a safe and effective treatment for various diseases, including those for which its use would be "off-label"; that she knew or should have known that the use of Rituxan presented a risk of extremely serious injury or death; and that, despite this knowledge, she failed adequately to warn of the increased risk that potentially fatal side effects such as progressive multifocal leukoencephalopathy may occur when Rituxan is administered. (Compl., ¶¶ 9, 20, 21, 22, 25). By way of response, Defendants provide a Declaration of Dorothy Guccione[3], in which she testified in relevant part as follows:

---

[3] This Court may consider evidence outside the pleadings in determining whether a defendant has been fraudulently joined. See Grobe v. Vantage Credit Union, 679 F.Supp.2d 1020, 1026 (E.D. Mo. 2010); Petersen v. Rusch, Inc., 2006 WL 83492 at *2 (E.D. Mo. Jan. 12, 2006).

11. During my employment at Genentech I have never sold, marketed, promoted, tested, or otherwise supported or used Rituxan, the product at issue in Plaintiffs' Petition.

12. During my employment at Genentech, I have never worked with doctors (rheumatologists) specializing in rheumatoid arthritis (RA), which, I understand from Plaintiffs' Petition, is the condition for which Mary Merrick was treated with Rituxan.[4]

13. To my knowledge, I have never met, spoken with, or otherwise [] known any of the Plaintiffs or the decedent.

(Guccione Declaration, ¶¶ 11-13). Rather than counter Guccione's Declaration with evidence, Plaintiffs assert only that, based on information they obtained through the Genentech website, "it is *hard to believe* as the Senior Oncology Clinical Coordinator that [Guccione] is not involved in the marketing, administration, and sale of a drug prescribed by oncologists."[5] (Plaintiffs' Motion for Remand, P. 3 (emphasis added)).

From the evidence before the Court, it appears clear that Defendant Guccione never marketed Rituxan as a safe and effective treatment for various diseases, including those for which its use would be "off-label", nor did she have any reason to know that the use of Rituxan allegedly presented a risk of extremely serious injury or death. The Court thus finds that under the facts presented there exists no colorable claim against Guccione, and so her citizenship must be ignored for purposes of

---

[4] As noted above, at all relevant times Guccione's position at Genentech was Senior Oncology Clinical Coordinator. (Guccione Declaration, ¶ 9).

[5] In their Motion for Remand, Plaintiffs further speculate that Guccione, "likely [was] involved in the supervision, training and education of clinical specialists, clinical coordinators, and/or sales representatives who market Rituxan." (Plaintiffs' Motion for Remand, P. 3). Plaintiffs offer no evidence to support this assertion. Further, the allegation is not found in Plaintiffs' Complaint, and "the Court's fraudulent joinder analysis is governed by the facts as alleged in Plaintiff's Complaint, not by speculative facts that have not been alleged." Starman v. Peoples Ben. Life Ins. Co., 2005 WL 2123727 at *3 (E.D. Mo. Sep. 1, 2005), citing Augustine v. Target Corp., 259 F.Supp.2d 919, 922 (E.D. Mo. 2003) (court looks to, "the facial allegations of plaintiff's petition to determine whether there exists a reasonable basis in fact and law supporting [his] claims against [the resident defendant]").

determining jurisdiction. Grobe, 679 F.Supp.2d at 1029-30; Petersen, 2006 WL 83492 at *3. As complete diversity exists between Plaintiffs and Defendants Genentech and Biogen, this Court has jurisdiction under 28 U.S.C. § 1332(a)(1), and Plaintiffs' Motion for Remand must therefore be denied. Id.; see also Starman, 2005 WL 2123727 at *3.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Remand (Doc. No. 16) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Defendant Guccione are **DISMISSED** with prejudice. An appropriate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that Defendant Dorothy Guccione's Motion to Dismiss (Doc. No. 9) is **DENIED** as moot.

Dated this 15th day of November, 2010.

                                                Jean C. Hamilton
                                                UNITED STATES DISTRICT JUDGE